**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| HOMER PHARES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-684 SRW |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Homer Phares for a writ of habeas

corpus under 28 U.S.C. § 2254. The State has filed a response and Petitioner replied.

Both parties have consented to the exercise of plenary authority by a United States Magistrate

Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ

of habeas corpus is denied.

**I.       BACKGROUND**

Petitioner is currently incarcerated at South Central Correctional Center in Licking,

Missouri. Petitioner was charged with one count of statutory rape in the first degree (Count I),

two counts of statutory sodomy in the first degree (Counts II and III); and one count of child

molestation in the first degree (Count VI). (ECF No. 10-3 at 17-18). On June 10, 2015, a jury

found Petitioner guilty. The trial court sentenced him to consecutive terms of imprisonment of

fifty years on Count I, thirty years on Count II, thirty years on Count III, and fifteen years on

Count VI. (ECF No. 10-3 at 28-36, 64-67).

Petitioner filed a direct appeal to the Missouri Court of Appeals for the Eastern District,

Case No. ED103500, claiming the trial court erred when it refused to allow Petitioner to fully

adduce testimony from the minor victim regarding her previous accusation of sexual abuse by another individual. (ECF Nos. 10-3 at 68-72, 10-5 at 1-26). The state appellate court affirmed Petitioner's conviction and sentence on November 15, 2016, and a mandate was issued on December 8, 2016. (ECF No. 10-7 at 1-5). *See State v. Phares*, 503 S.W.3d 328 (Mo. Ct. App. Nov. 15, 2016).

On February 21, 2017, Petitioner filed a self-represented Motion to Vacate, Set Aside, or Correct the Judgment and Sentence pursuant to Rule 29.15. (ECF No. 10-8 at 7-16). On May 25, 2017, after the appointment of post-conviction counsel, Petitioner filed an Amended Motion under 29.15 and a Request for Evidentiary Hearing. (ECF No. 10-8 at 19-46). In the Amended Motion, Petitioner asserted three grounds for relief: (1) ineffective assistance of trial counsel in the penalty phase for failure to investigate, subpoena, and call additional mitigation witnesses; (2) ineffective assistance of trial counsel for failure to investigate and present evidence showing Petitioner was suffering from a mental disease or defect at the time of the crime; and (3) ineffective assistance of trial counsel for failure to adduce evidence of custom and usage that the victim lied. Petitioner's request for an evidentiary hearing and claims for post-conviction relief were denied by the Circuit Court for Washington County, Missouri on June 30, 2017. (ECF No. 10-8 at 47-51). *See Phares v. State*, No. 17WA-CC00059, 2017 WL 7806400, at *1 (Mo. Cir. June 30, 2017).

On July 17, 2017, Petitioner filed a notice of appeal with the Missouri Court of Appeals for the Eastern District. (ECF No. 10-8 at 53-55). Petitioner raised two issues on appeal from the Circuit Court's denial of post-conviction relief. (ECF No. 10-9 at 1-30). Specifically, Petitioner argued the motion court erred in denying him post-conviction relief because trial counsel was ineffective for failing to investigate and present testimony from a qualified psychiatrist at the

guilt and penalty phases of trial to show, at the time of the crime, Petitioner suffered from a

mental disease or defect caused by a series of strokes, and Petitioner could not conform his

conduct to what the law required because of the brain damage he suffered from the strokes. On

August 7, 2018, the Missouri Court of Appeals for the Eastern District affirmed the Circuit

Court's denial of post-conviction relief on both points brought on appeal. (ECF No. 10-11 at 1-

12). *See Phares v. State*, 553 S.W.3d 887 (Mo. Ct. App. Aug. 7, 2018).

On March 27, 2019, the instant § 2254 was filed. (ECF No. 1). Petitioner raises two

grounds for relief. Ground One asserts Petitioner was denied due process because his "[a]rrest

warr[a]nt was served on February 25, 2013, after it was initially issued on August 7, 2009," and

"no reason was asserted for the delay." Ground Two asserts ineffective assistance of counsel for

failure to call three fact witnesses at trial, Kathy Phares (grandmother of victim), Paul Phares

(Kathy Phares's husband), and A.M. (victim's minor sister). (ECF Nos. 1 at 5, 7, 10-1 at 10, 153-

43).

On June 27, 2019, Respondent filed his response. (ECF No. 9). As to Ground One,

Respondent argues Petitioner defaulted his due process claim because he did not present the

issue to the state courts, and Petitioner cannot overcome the default because he has not shown

good cause or actual prejudice. (ECF No. 9 at 3-4). As to Ground Two, Respondent argues that

although Petitioner "litigated the failure-to-call Kathy Phares and Paul Phares claim in the Rule

29.15 litigation," he "did not include the claim on post-conviction appeal" causing procedural

default. (*Id.* at 5). Respondent further contends Petitioner failed to present his argument

regarding counsel's failure to call A.M. as a witness in any of the prior state court proceedings,

and this claim is also defaulted. (*Id.* at 6). Respondent contends he cannot overcome his

procedural default of Ground Two because he has not shown good cause or actual prejudice. (*Id.* at 6-7).

In the Reply, Petitioner only addresses Ground Two. (ECF No. 13). Petitioner asserts: "if the three witnesses would have been allowed to testify on his behalf there would have been a possibility that the outcome of his trial would have been different." (*Id.* at 2). Specifically, Petitioner argues A.M. would have testified she "was within two feet" of the victim on the evening of the crime and she "did not see any type of touching." Kathy Phares would have testified the victim had a motive to falsely accuse Petitioner. (*Id.* at 3-5). Petitioner did not address Paul Phares in his Reply brief.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it

confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## III.   DISCUSSION

### A.  Ground One: Delay in Execution of Arrest Warrant

In Ground One, Petitioner asserts his warrant for arrest was issued on August 7, 2009 but was not served until February 25, 2013. (ECF No. 1-1 at 5). Petitioner argues the delay violated his due process rights because it caused substantial prejudice to a fair trial and was an intentional device to gain a tactical advantage because of faded memories.[1] (*Id.* at 5-6).

---

[1] A challenge to pre-indictment delay is cognizable only under the Due Process Clause of the Fifth Amendment and not under the Sixth Amendment. *United States v. Sprouts*, 282 F.3d 1037, 1040 (8th Cir. 2002).

In support, Petitioner cites to the trial testimony of victim's cousin, April Phares, in which she stated she could not remember certain details from the evening the crime took place. (*Id.* at 5-10). In response, Respondent argues Petitioner has procedurally defaulted this claim by failing to present it at trial, in his motion for a new trial, or to the Missouri Court of Appeals on either direct or postconviction relief appeals. (ECF No. 9 at 3-4). Respondent further argues Petitioner cannot demonstrate actual prejudice from the default. Although Petitioner has filed a Reply, he does not address Ground One. (ECF No. 13).

It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. *See* 28 U.S.C. § 2254(b); *Duvall v. Purkett*, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. *See Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" *Id.* (quoting *Martin v. Solem*, 801 F.2d 324, 333 (8th Cir. 1986) (internal citations omitted)). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), *cert. denied*, 513 U.S. 983 (1994). *See also Sweet v. Delo,* 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), *cert. denied,* 523 U.S. 1010 (1998). After careful review of the record, this Court finds Petitioner did not raise the argument in Count One

to the trial court, in his direct appeal, or on appeal from the denial of postconviction relief. As such, Count One is procedurally barred in federal court.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both "cause" and "actual prejudice" resulting from the alleged constitutional violations. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. *Id. See also Murray v. Carrier*, 477 U.S. 478 (1986) (a petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default). If a petitioner cannot show cause for the procedural default, then the court need not determine whether actual prejudice has resulted. *See Leggins v. Lockhart*, 822 F.2d 764, 768 (8th Cir. 1987). *See also United States v. Lovasco*, 431 U.S. 783, 790 (1977) (proof of prejudice is "a necessary but not sufficient element of a due process claim, and . . . the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused"). To establish actual prejudice, petitioner must show the errors alleged in his grounds for relief disadvantaged him actually and substantially, "infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (citation omitted).

In the instant case, Petitioner has not asserted any cause or reason for why he did not raise the instant claim in prior state proceedings other than making a conclusory statement that his counsel was ineffective for not presenting the issue to the trial court. While the cause necessary to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, the petitioner must have properly raised that same ineffectiveness claim in state court.

*Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). *See also Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004) ("In order for ineffective assistance of counsel claim itself to be cause to excuse a procedural default, the ineffective assistance of counsel must rise to the level of an independent constitutional violation.").

Petitioner did not present arguments to the state courts claiming ineffective assistance of direct appeal counsel or post-conviction counsel related to the pre-indictment delay. In Missouri, claims of ineffective assistance of counsel must be presented in a motion for post-conviction relief pursuant to Rule 29.15. *See Shigemura v. Groose*, 45 F.3d 250, 251 (8th Cir. 1995) (internal citations omitted). In addition, to preserve such claims for federal habeas purposes, they must also be raised on appeal from the denial of the post-conviction motion. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). Because Petitioner did not present a claim of ineffective assistance of counsel argument specific to the pre-indictment delay to the Missouri state courts, he may not assert it herein as cause for the procedural default of his Ground One claim. *See Becht*, 403 F.3d at 545; *see also Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003) (holding a claim for ineffective assistance of direct appeal counsel must initially be presented to state courts as an independent claim before it may be used to establish cause for a procedural default in a federal habeas proceeding); *see also Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002).

Moreover, Petitioner has not shown cause for failure to assert his ineffective assistance of counsel claim in the state court proceedings. He has not identified any objective factors that would have prevented him from doing so. The legal and factual basis for the claim of a pre-indictment delay was reasonably available to Petitioner, and he has not shown that something beyond counsel's control, such as State interference, actually prevented counsel from raising the

8

claim and presenting evidence in state court. *See Zeitvogel v. Delo*, 84 F.3d 276, 279 (8th Cir.

1996); *Wainwright*, 433 U.S. at 87.

Although the Court is not required to address the prejudice prong because Petitioner has

failed to show cause, the Court notes he has not adequately asserted prejudice. *See Osborne v.

Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (citing *Lowe-Bey v. Groose*, 28 F.3d 816, 820 (8th

Cir. 1994)) (because petitioner failed to establish cause for his procedural default, this Court

need not address the issue of prejudice). The Due Process Clause requires "dismissal of the

indictment if it [is] shown at trial that the pre-indictment delay . . . caused substantial prejudice to

[the accused's] rights to a fair trial and that the delay was an intentional device to gain tactical

advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324 (1971); *see also State

v. Griffin*, 848 S.W.2d 464, 466 (Mo. 1993) ("[T]he test for determining whether pre-indictment

delay requires the dismissal of charges is whether 1) the defendant was prejudiced by a pre-

indictment delay which 2) was intended by the prosecution to gain a tactical advantage over the

defendant."). "The prejudice shown must be more than the 'real possibility of prejudice inherent

in any extended delay; that memories will dim, witnesses will become inaccessible, and evidence

will be lost.'" *State v. Clark*, 859 S.W.2d 782, 786 (Mo. Ct. App. 1993) (quoting *Marion*, 404

U.S. at 325-26). "[T]o meet [the] heavy burden of establishing actual prejudice, [defendant] must

prove that the preaccusation delay substantially prejudiced [his] defense." *U.S. v. Meyer*, 906

F.2d 1247, 1251 (8th Cir. 1990) (citing *U.S. v. Scott*, 795 F.2d 1245, 1249-50 (5th Cir. 1986)).

In support of his prejudice argument, Petitioner cites only to the trial testimony of April

Phares in which she testified to overhearing a conversation between the victim and the victim's

sister. (ECF No. 1-1 at 6-8). Although she admitted she could not remember every detail of the

conversation or what room she was in when she was listening, April Phares was able to testify

9

that she overheard the victim asking her sister to lie about Petitioner's sexual conduct. (ECF No. 1-1 at 8-9). Petitioner does not cite to any other witnesses who had a faded memory or how their testimony would have been different with a clearer memory. Petitioner provides no evidence, other than making a conclusory allegation, that the pre-indictment delay was intentional on the State's part for the purpose of gaining a tactical advantage over Petitioner, and fails to establish how April Phares's testimony could have changed the outcome of the trial if she testified at an earlier date. Thus, Petitioner has not demonstrated actual prejudice from the default.

Petitioner's first claim for relief will be denied

## B. Ground Two: Ineffective Assistance of Trial Counsel for Failure to Call Three Fact Witnesses

In Ground Two, Petitioner argues he received ineffective assistance of counsel for failure to call witnesses, Kathy Phares, Paul Phares, and A.M., who he argues would have changed the outcome of the trial if they were called to testify. Petitioner cites to the affidavits of Kathy and Paul Phares, the victim's grandparents, which reflects their belief the victim falsely accused Petitioner. (ECF No. 1-1 at 11-13). As to A.M., the victim's sister, Petitioner argues she was present on the night of the offense and should have testified that she did not witness any sexual abuse. (*Id.*)

Respondent argues the claims related to Kathy and Paul Phares are procedurally defaulted because Petitioner failed to raise them in his post-conviction appeal. (ECF No. 9 at 5). Respondent further argues if this Court reviews such claims on their merits it should apply deference because the Rule 29.15 motion court utilized the correct legal standard from *Strickland v. Washington*, 466 U.S. 668 (1984), and determined the claims were meritless. (*Id.* at 5-6). As to counsel's failure to call A.M. as a witness, Respondent argues this claim is also procedurally defaulted as Petitioner failed to raise it at any point of the state court proceedings. (*Id.* at 6).

10

As previously discussed, to preserve issues for federal habeas review, a state prisoner must fairly present his claims to the state court during direct appeal or in post-conviction proceedings to give the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003); *Sweet*, 125 F.3d at 1149; *see also* 28 U.S.C. § 2254(c). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Wemark*, 322 F.3d at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

In Missouri, claims of ineffective assistance of trial counsel must be raised in a motion for post-conviction relief pursuant to Rule 29.15. *See Groose*, 45 F.3d at 251 (internal citations omitted). To preserve those claims for federal habeas review, the petitioner must *also* raise them on appeal from the denial of the post-conviction motion. *Jolly*, 28 F.3d at 53 (citing *Gilmore*, 861 F.2d at 1065 (failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review).

As previously noted, on May 25, 2017, Petitioner filed an Amended Motion under 29.15 and a Request for Evidentiary Hearing. The Amended Motions asserted three grounds for relief: (1) ineffective assistance of trial counsel in the penalty phase for failure to investigate, subpoena, and call additional mitigation witnesses, including Kathy and Paul Phares, but not A.M.; (2) ineffective assistance of trial counsel for failure to investigate and present evidence showing Petitioner was suffering from a mental disease or defect at the time of the crime; and (3) ineffective assistance of trial counsel for failure to adduce evidence of custom and usage that the victim lied. (ECF No. 10-8 at 19-46). Petitioner's request for an evidentiary hearing and claims

11

for post-conviction relief were denied by the Circuit Court for Washington County, Missouri. (ECF No. 10-8 at 47-51).

On July 17, 2017, Petitioner filed a notice of appeal with the Missouri Court of Appeals for the Eastern District. (ECF No. 10-8 at 53-55). Petitioner raised two issues on appeal from the Circuit Court's denial of post-conviction relief. (ECF No. 10-9 at 1-30). Petitioner argued the motion court erred in denying him post-conviction relief because trial counsel was ineffective for failing to investigate and present testimony from a qualified psychiatrist that Petitioner was suffering from a mental disease or defect at the time of the crime and could not conform his conduct to what the law requires because of the brain damage he suffered from his strokes. The Missouri Court of Appeals affirmed the denial of post-conviction relief on both points. (ECF No. 10-11 at 1-12). *See Phares*, 553 S.W.3d 887.

A careful review of the procedural history of this case shows Petitioner did not appeal the denial of the post-conviction motion as to his claim for ineffective assistance of counsel for failure to call witnesses Kathy and Paul Phares. Moreover, Petitioner did not raise the issue regarding counsel's failure to call A.M. as a witness at any point of the state proceedings. Thus, Ground Two is procedurally barred. *See Osborne*, 411 F.3d at 919 (a petitioner must include the specific ineffectiveness claim in his appeal to prevent it from being procedurally barred); *Sweet*, 125 F.3d at 1149 (a state habeas petitioner may not present new grounds for relief that he failed to raise on direct appeal or in post-conviction proceedings).

To overcome his procedural default, Petitioner asserts the cause or reason for why he did not raise the instant claims in his postconviction proceedings was due to the failure of his postconviction motion counsel and his postconviction appellate counsel to pursue such claims. This conclusory statement, without more, is not an appropriate basis to show cause. "To establish

12

cause, [petitioner] must show something beyond the control of postconviction counsel, like State interference, actually prevented postconviction counsel from raising the claims and presenting the evidence in state court." *Zeivogel*, 84 F.3d at 279. Thus, Petitioner has not established cause for his procedural default.

To the extent Petitioner is arguing his claims are not procedurally defaulted because of *Martinez v. Ryan*, 566 U.S. 1 (2012), such an argument fails. In *Coleman v. Thompson*, the Supreme Court established the general rule that counsel's errors in post-conviction proceedings do not qualify as a cause for default. 501 U.S. 722, 753-75 (1991). However, in *Martinez v. Ryan*, the Supreme Court recognized a narrow exception to this rule: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or that counsel was ineffective." 566 U.S. 1, 17 (2012). The Supreme Court also held that a petitioner must demonstrate the underlying ineffective assistance of trial counsel claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14; *see also Isaac v. Wallace*, No. 4:13-cv-411 SNLJ-SPM, 2016 WL 855858, at *6 (E.D. Mo. Feb. 1, 2016).

"As with any ineffective assistance of counsel claim, a petitioner making a *Martinez* argument to excuse procedural default must show that counsel's performance fell below an objective standard of reasonableness and that the petitioner was prejudiced as a result of that failure." *Tolen v. Norman*, No. 4:10-CV-2031-RWS, 2019 WL 3531958, at *2 (E.D. Mo. Aug. 2, 2019), certificate of appealability denied, No. 19-2859, 2020 WL 913438 (8th Cir. Feb. 13,

2020), cert. denied, 207 L. Ed. 2d 174 (June 8, 2020) (citing *Strickland v. Washington*, 466 U.S. 688, 687-88 (1984)). Petitioner cannot meet either prong.

Petitioner has not demonstrated that counsel's performance was deficient. *Id.* at 687. This requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id.* There is a strong presumption that counsel rendered effective assistance. *Id.* at 689-90. The Court provides counsel with a wide latitude in decision making, which should not be viewed through the distorting lens of hindsight. *Id.* Strategic choices made through a reasonable investigation of law and facts "are virtually unchallengeable." *Id.* at 690. Even with decisions not to investigate, "a heavy measure of deference" is given to counsel's judgment. *Id.* at 691.

An error in counsel's performance does not warrant setting aside the judgment, if the error had no effect on that judgment. *Id.* The second element of the *Strickland* test requires petitioner to demonstrate the deficient performance prejudiced the defense. *Id.* at 687. This requires a showing that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*; *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). Petitioner must show counsel's performance actually had an adverse effect on the defense. *Strickland*, 466 U.S. at 693-94. Petitioner must further show there is a reasonable probability that, but for counsel's performance errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 694; *Pfau v. Ault*, 409 F.3d 933, 939-40 (8th Cir.2005) (petitioner must show there is a reasonable probability, but for counsel's errors, he would have prevailed).

Petitioner unsuccessfully argued in his post-conviction motion that his trial counsel was ineffective for failing to call certain witnesses, including Kathy and Paul Phares, and such ineffectiveness caused prejudice. In addressing this claim, the circuit court held:

> With respect to claims of ineffective assistance of counsel, the burden is on the claimant to prove that his counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668 (1984).
>
> In his first point, Movant alleges trial counsel was ineffective in failing to call various witnesses in the penalty phase. In fact, trial counsel called several of the witnesses listed in the amended motion. They have an account of Movant being a loving and devoted father and husband, and an overall caring person. By Movant's own motion, these witnesses and others described would all testify to similar attributes of Movant. Had these other witnesses testified, they would have only served to provide cumulative testimony. Without question, these other witnesses would have added little to what the witnesses who did testify has already stated. The jury was not swayed by those witnesses in reaching its recommended sentences, presumably due to the vile offenses of which it had just found Movant guilty.
>
> Trial counsel was, at the very least, competent in his penalty phase strategy. Also, Movant was in no way prejudiced by the failure to call other witnesses providing, at best, cumulative testimony.
>
> . . .
>
> In his fourth point, Movant alleges that trial counsel should have "adduced evidence of custom and usage that the victim lied, every time she either sought to gain an advantage or to escape punishment."
>
> Trial counsel actually did elicit testimony through Georgie Phares that the victim told her sister to lie about Movant. Georgie Phares also testified that she heard the victim admit that the victim was lying about this incident. Trial counsel was highly effective in getting this testimony in while navigating through hearsay objections. Specific instances of lying as discussed in Movant's fourth point, whether through custom and usage or not, would be inadmissible.

(ECF No. 10-8 at 48-51).

This finding is fully supported by the record, and this record does not overcome the strong presumption that Petitioner's trial attorney rendered constitutionally adequate assistance

of counsel. *See Smith v. Bowersox*, No. 4:10-CV-446-JCH, 2010 WL 4272826, at *4 (E.D. Mo. Oct. 25, 2010) ("The witnesses' testimony must be more than merely cumulative of the evidence adduced at trial") (citing *State v. Smith*, 949 S.W.2d 947, 952 (Mo. App. W.D. 1997); *Henderson v. State*, 770 S.W.2d 422 (Mo. App. 1989); *Koonce v. State*, 768 S.W.2d 188 (Mo. App. 1989); *Roberts v. State*, 764 S.W.2d 688 (Mo. App. 1988)).

Moreover, "[t]o establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony 'would have probably changed the outcome of the trial.'" *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (quoting *Stewart v. Nix*, 31 F.3d 741, 744 (8th Cir. 1994)).

This Court's independent review of the trial record shows that testimony regarding the victim's credibility regarding the sexual abuse accusation was proffered by other witnesses. Prior to the penalty phase, trial counsel called the victim's aunt Georgie Phares. (ECF No. 10-1 at 332-349). Georgie Phares testified she overheard the victim tell her daughter that she lied about the sexual abuse because she wanted to go home to her mother. (*Id.* at 339, 342). Another witness, April Phares, testified to the same. (*Id.* at 120).

Moreover, physical evidence was introduced to the jury showing the presence of Petitioner's semen on the swimsuit the victim was wearing on the night of the crime. (ECF No. 10-1 at 266-281). Shawn Bailes, a criminalist with the Missouri State Highway Patrol Crime Laboratory, testified he took a swab of the swimsuit the victim was wearing at the time of her sexual assault and determined semen was present. (*Id.* at 271-281). After comparing the DNA found on the swimsuit and Petitioner's DNA, the possibility that the sample came from someone other than Petitioner were 1 in 79.74 quadrillion. (*Id.* at 278-281). Therefore, even with the testimony of Kathy Phares, Paul Phares, and A.M., all of whom Petitioner believes would have

testified to their opinion the victim lied, the result of the trial very likely would have been the same. Their failure to testify did not cause prejudice to Petitioner. *Strickland*, 466 U.S. at 693-94. Petitioner simply has not shown that but for his trial counsel's actions he would have prevailed. "This Court may dispose of any ineffective assistance claim on lack of prejudice alone, without even reaching the performance prong of the *Strickland* test." *Thomas v. Milburn*, Case No. 4:11-CV-00739-SNLJ, 2014 WL 4410225, at *13 (E.D. Mo. Sept. 8, 2014).

Therefore, the Court finds that post-conviction counsel was not ineffective for failing to present non-meritorious or unsupported claims. Thus, Petitioner has failed to establish cause and prejudice to excuse the procedural default. *Watkins v. Pash*, No. 4:12-CV-2393 NAB, 2016 WL 3015161, at *6 (E.D. Mo. May 26, 2016).

Petitioner's second claim for relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Homer Phares for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right. This Court will not issue a Certificate of Appealability. 28 § U.S.C. 2253(c)(2). A separate judgment in accord with this Order is entered on this same date.

So Ordered this 2nd day of February, 2021.

*/s/ Stephen R. Welby*
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**

17